UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MDG INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-1096-SEB-TAB |
| | ) | |
| AUSTRALIAN GOLD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Now before the Court is the Motion to Dismiss Plaintiff's Constructive Fraud Claim [Docket No.16] filed by Defendant, Australian Gold, Inc. ("Australian Gold") on October 17, 2007. In this case, Plaintiff, MDG International, Inc. ("MDG") alleges that Australian Gold has breached a longstanding manufacturer-distributor contract and engaged in both actual and constructive fraud. The motion before the Court seeks a dismissal of the constructive fraud claim for failure to comply with the particularity requirements of Federal Rule of Civil Procedure 9(b). For the reasons set out below, Australian Gold's motion is **DENIED**.

*Factual and Procedural Background*

Plaintiff MDG is a corporation organized under the laws of Florida with its principal place of business in Florida. Defendant Australian Gold is a corporation

organized under the laws of Indiana with its principal place of business in Indiana. MDG distributes sun tanning products internationally; Australian Gold manufactures tanning products that it sells through distributors like MDG. On May 27, 1994, MDG and ETS (the corporate predecessor to Australian Gold) entered into a distributorship agreement to which Australian Gold is now a party. This agreement granted exclusive rights to MDG for the distribution of Australian Gold products throughout specified territories. In recent years, various disputes have arisen out of this contractual relationship.[1]

MDG's constructive fraud claim focuses on statements made by Australian Gold regarding expiration date labels on its products. Because of requirements in other countries for proper registration of product labels and ingredients, foreign health agency officials and customers of MDG questioned MDG about the meaning of numbers and letters displayed on the outside of Australian Gold's bottles. In response to these inquiries, MDG asked Australian Gold whether the markings related to expiration dates. On June 23, 1997, Australian Gold provided MDG with written confirmation that these numbers and letters were not expiration dates. Compl. ¶20. Furthermore, on March 7, 2002 and June 18, 2002, Australian Gold confirmed in writing that the letters "EXP" on the outsides of bottles were not related to expiration dates. Compl. ¶21. Again, on September 18, 2002, Australian Gold gave MDG written confirmation that the combinations of numbers and letters on the bottles were not expiration dates. Compl.

---

[1] The facts set out here are only those relevant to the Australian Gold's motion to dismiss and are therefore limited to those allegedly constituting a claim for constructive fraud.

¶22.

MDG alleges that because of these statements it incurred numerous losses when expired Australian Gold products were ordered recalled and destroyed in Brazil, one of MDG's distribution territories. MDG further alleges reputational damage stemming from its reliance on the statements by Australian Gold regarding expiration dates as well as the loss of subsequent sales and costs required to comply with Brazilian law. Compl. ¶¶28-34.

On October 28, 2007, MDG filed the Complaint in this case, and on October 17, 2007, Australian Gold filed a Motion to Dismiss MDG's constructive fraud claim, asserting that MDG has not stated its claim with sufficient particularity under Federal Rule of Civil Procedure 9(b).

## *Legal Analysis*

### I.      *Standard of Review*

Australian Gold's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) seeks the dismissal of MDG's claim for constructive fraud. A party moving to dismiss generally bears a weighty burden. It must show that the pleadings themselves fail to provide a basis for a claim for relief under any set of facts. Ed Miniat, Inc. v. Globe Life Ins. Group Inc., 805 F.2d 732, 733 (7th Cir. 1986), cert. denied, 482 U.S. 915 (1987).

In the case of fraud, however, Federal Rule of Civil Procedure 9(b) dictates that "a party must state with particularity the circumstances constituting fraud or mistake." Fed.

R. Civ. Pro. 9(b). To satisfy this heightened pleading requirement in a constructive fraud claim under Indiana law,[2] a plaintiff must allege: (1) the defendant had knowledge that was not in the plaintiff's possession and (2) the defendant improperly abused the plaintiff's confidence to obtain an unconscionable advantage. See Comfax Corp v. N. Am. Van. Lines, Inc., 587 N.E.2d 118, 125 (Ind. Ct. App. 1992). These allegations must be set out in the complaint itself. Kennedy v. Venrock Associates, 348 F.3d 584, 593 (7th Cir. 2003).

The reason for the heightened requirement is the danger that a plaintiff will charge fraud irresponsibly. See Ackerman v. Nw. Mut. Life Ins. Co., 172 F.3d 467, 469 (7th Cir. 1999). Nevertheless, it must be kept in mind that absolute particularity is not required. See Mut. Life Ins. Co. V. Krejci, 123 F.2d 594 (7th Cir. 1941). Moreover, in considering a motion to dismiss, a court should construe all inferences that reasonably may be drawn from the facts in a light favorable to the nonmovant. See Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003).

## II. Australian Gold's Motion to Dismiss

Australian Gold's Motion to Dismiss urges that MDG's Complaint fails to allege the "special relationship" necessary to properly plead constructive fraud.[3] In essence,

---

[2] Indiana law is the substantive law governing this contract. See Def.'s Brief in Support of Motion to Dismiss [Docket No. 17] at 1.

[3] In general, a constructive fraud claim includes the following elements: (1) a duty owing
(continued...)

while Australian Gold acknowledges that the Complaint alleges sufficient facts to create an inference of a special relationship and therefore constructive fraud, it argues that the special relationship and exact misrepresentations constituting constructive fraud are too unclear in the Complaint to surmount Rule 9(b)'s exacting standard.[4]  MDG's Response counters that it has met the pleading requirement because courts recognize a special relationship when the facts alleged include that one party possesses knowledge that the other party does not have and uses that knowledge to the detrimental reliance of the party with inferior knowledge.  See Wells v. Stone City banks, 691 N.E.2d 1246, 1251 (Ind. Ct. App. 1998); A.I. Credit Corp. V. Legion Ins. Co., 265 F.3d 630, 635-36 (7th Cir. 2001).  When this special relationship exists, it becomes incumbent upon the party with superior knowledge to deal fairly and in good faith.

A subsidiary dispute to whether a special relationship has been properly pled concerns whether MDG has attempted to satisfy the special relationship requirement by

---

[3](...continued)
by the accused party to the complaining party based on their relationship; violation of that duty by the making of deceptive material misrepresentations of past or existing facts or by remaining silent when a duty to speak exists; (3) reliance thereon by the complaining party; (4) injury to the complaining party as a proximate result thereof; and (5) the gaining of advantage by the accused party at cost to the complaining party.  Carlson v. Warren, 878 N.E.2d 844 (Ind.Ct.App. 2007).  Step-by-step discussion is unnecessary here, as the central dispute between the parties focuses on the existence of the relationship.

[4]Australian Gold also contends that MDG's is a "bare allegation" of a manufacturer-distributor relationship, which does not by itself suffice to state a constructive fraud claim, pointing to a specific paragraph in the Complaint.  This view is, however, too narrow and ignores MDG's express incorporation of facts into the constructive fraud allegation in paragraphs 95-101 of the Complaint, which make the allegation anything but bare.

importing clarifications from its Response brief into its original Complaint. Ordinarily, as long as facts recounted are consistent with the allegations in the complaint, a plaintiff may assert such facts in response to a motion to dismiss. Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000). Under the more rigid rubric of Rule 9(b), however, all allegations must be in the complaint itself and cannot be supplemented by a responsive brief. Kennedy v. Venrock Associates, 328 F.3d 584, 593 (7th Cir. 2003); see also Kedzierksi v. Kedsierski, 899 F.2d 681, 684 (7th Cir. 1990).[5] Citing these controlling Rule 9(b) standards, Australian Gold urges that the sufficiency of MDG's Complaint must be determined solely on the contents of the Complaint itself and not on supplemental facts or arguments included only in MDG's responsive briefs.

Although the Motion-Response dispute and the Reply-Sur-Reply dispute rest on different points of law, resolution of all issues presented in this motion colloquy depends on one central issue: has MDG, in terms of the four corners of its Complaint, alleged with particularity a constructive fraud claim, including the requisite special relationship? In deciding this question, the plaintiff is "entitled to all inferences and dismissal is inappropriate unless there are [*sic*] no set of facts which would support its claim." F. McConnell & Sons, Inc. V. Target Data Sys., 84 F.Supp. 2d 980, 986 (N.D. Ind. 2000).

---

[5]When allegations in the response brief expand upon the complaint but relate to it, this may be an indication that the plaintiff should be given leave to amend the complaint to comply with Rule 9(b). Ziemba v. Cascase International, Inc., 256 F.3d 1194, 1213 (11th Cir. 2001). This course of action is what Australian Gold urges in its Reply [Docket No. 23], stating "if the Court grants Australian Gold's motion, then MDG will have the opportunity to amend its complaint and plead specifically . . . ." Def.'s Reply at 5. Because we hold infra that the Complaint is sufficient on its own, this action will be unnecessary.

In the case at bar, it is easy to infer the allegations necessary to form a constructive fraud claim from an examination of the Complaint alone.  The facts outlined in MDG's Complaint suffice under Rule 9(b) because they state the who, what, when, where, and how of the case.  See Lewis Borsellino and I.M. Acquisitions, LLC v. Goldman Sachs Group, Inc., 477 F.3d 502, 507 (7th Cir. 2007).  This, and not a presentation of the theory of the plaintiff's case, is what Rule 9(b) calls for.  See Midwest Commerce Banking Co. V. Elkhart City Centre, 4 F.3d 521, 523 (7th Cir. 1993).  It was sufficient for MDG to allege misrepresentation on the part of Australian Gold, as opposed to an individual employee, as institutional identifications meet the Rule 9(b) standard.  Blaz v. Michael Reese Hosp. Foundation, 191 F.R.D. 570 (N.D. Ill. 1999).   MDG also alleged with particularity the communications it had with Australian Gold regarding the meaning of numbers and labels on the outsides of Australian Gold's bottles.  Compl. ¶¶18-22.  The Complaint gave the specific dates of the communications and supported its allegations with letters between the two companies.  Compl. ¶20-22.  Implicit in these allegations is the special relationship required for a claim of constructive fraud: Australian Gold had superior knowledge about the labels on its products and about the nature of any expiration dates.  In its responses to MDG's inquiries, Australian Gold demonstrated an awareness of its own superior knowledge.  These facts logically produce an inference sufficient to establish the special relationship requirement, and MDG has equally sufficiently alleged the other elements constituting a constructive fraud claim.

This is not a case in which the plaintiff has vaguely alleged the acts comprising its

claim.  Nor does the Complaint appear in any way "defamatory and extortionate."  Lewis Borsellino, 477 F.3d at 507.  Rather, MDG has provided details respecting the parties involved, their actions, the events surrounding the claimed actions, and the time during which the actions occurred.  This suffices to state a claim under Rule 9(b).  See Damato v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 878 F.Supp. 1156 (N.D. Ill. 1995).

Our review of the Complaint and the arguments of both parties convinces us that MDG has stated a claim sufficient to meet the rigors of Rule 9(b) and therefore sufficient to withstand a Rule 12(b)(6) motion to dismiss.  A complaint that alleges how, when, and to whom allegedly fraudulent remarks were made and otherwise conforms to the elements of the alleged wrong is sufficient because "Rule 9(b) does not require surgical precision."  Ray v. Citigroup Global Markets, Inc., 2003 WL 22757761 (N.D. Ill. 2003).  Because MDG's Complaint sufficiently states a claim for constructive fraud, Australian Gold's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Date: _____08/22/2008_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Amanda C. Couture
DELANEY & DELANEY LLC
acouture@delaneylaw.net

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Richard A. Kempf
TAFT STETTINIUS & HOLLISTER LLP
rkempf@sommerbarnard.com

Thomas F. O'Gara
TAFT STETTINIUS & HOLLISTER LLP
togara@taftlaw.com

Peter Jon Prettyman
TAFT STETTINIUS & HOLLISTER LLP
pprettyman@taftlaw.com